**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TYRRELL JONES EILAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-cv-00538-PLC |
| ) | |
| UNITED STATES POSTAL SERVICE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Tyrrell Jones Eiland for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who brings this civil action against the United States Postal Service (USPS) and HPH Milano, LLC. (Docket No. 1 at 2). He asserts that the Court has federal question jurisdiction based on the following six federal statutes: (1) 18 U.S.C. § 1694;[1] (2)

---

[1] 18 U.S.C. § 1694 provides for the levying of a fine for carrying "matter out of mail over post routes." This statute is part of the Private Express Statute, which is meant to "establish the United States Postal Service as a monopoly by prohibiting others from carrying letters over postal routes." *Regents of University of California v. Public Employment Relations Bd.*, 485 U.S. 589, 593 (1988).

2

18 U.S.C. § 1700;[2] (3) 18 U.S.C. § 1701;[3] (4) 18 U.S.C. § 1702;[4] (5) 18 U.S.C. § 1703;[5] and (6) 18 U.S.C. § 1708.[6] (Docket No. 1 at 3).

In the "Statement of Claim," plaintiff asserts that between March 2021 and August 2021, HPH Milano "allowed [his] mail to be left unsecured, stolen, [and] destroyed," and that they "contributed to [his] identity fraud by not properly providing a secured mailbox at [the] apartment building they owned." (Docket No. 1 at 4). More particularly, he alleges that HPH Milano gave him "a mailbox with no secure latch and disregarded the USPS Inspector's order to replace [the] entire mailbox system for [the] building or face fines and [a] mail hold." Plaintiff alleges that due to this unsecured mailbox, "[c]redit cards, business checks, contracts, and other sensitive materials were stolen and damage was caused."

To mitigate the loss, plaintiff "purchased a [P.O.] box." Nevertheless, he broadly claims that "mail from [the] USPS…was delayed, stolen, returned to sender[,] or unaccounted." He also contends that a "USPS postal supervisor threatened [him] with violence," and that he was threatened with his "mail being destroyed," which he insists "did occur."

Attached to the complaint are three exhibits. (Docket No. 1-1). First, there is a July 28, 2021 letter from the USPS to plaintiff, advising him that his administrative tort claim has been assigned to an examiner. (Docket No. 1-1 at 5). Second, there is an October 1, 2021 letter from the USPS to plaintiff reminding him that his post office box renewal fee is due. (Docket No. 1-1 at 4).

---

[2] 18 U.S.C. § 1700 is a criminal statute providing a fine or imprisonment for a person who, "having taken charge of any mail, voluntarily quits or deserts the same before he has delivered it."
[3] 18 U.S.C. § 1701 is a criminal statute providing a fine or imprisonment for anyone who "knowingly and willfully obstructs or retards the passage of the mail."
[4] 18 U.S.C. § 1702 is a criminal statute providing a fine or imprisonment for anyone who "takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier."
[5] 18 U.S.C. § 1703 is a criminal statute providing a fine or imprisonment for any "Postal Service officer or employee" who delays or destroys the mail or any newspaper.
[6] 18 U.S.C. § 1708 is a criminal statute providing a fine or imprisonment for the theft or receipt of stolen mail.

3

Third, there is a February 23, 2022 letter from the USPS to plaintiff denying his administrative tort claim. (Docket No. 1-1 at 2). The Court will treat these exhibits as part of the pleadings.[7]

Based on these assertions, plaintiff seeks "$500,000 in actual and punitive money damages from USPS and HPH Milano[,] LLC."

**Discussion**

Plaintiff is a self-represented litigant filed this civil action against the USPS and HPH Milano, accusing them of allowing his mail to be delayed, lost, stolen, or destroyed. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that plaintiff has not carried his burden of establishing subject matter jurisdiction.

**A. Subject Matter Jurisdiction**

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every

---

[7] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

**B.  Federal Question Jurisdiction**

In this case, plaintiff asserts that the Court has federal question jurisdiction. Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the

5

plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). *See also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a] non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

### C. Plaintiff's Proposed Bases for Federal Question Jurisdiction

As noted above, Plaintiff asserts that this Court has federal question jurisdiction on the basis of six federal statutes: (1) 18 U.S.C. § 1694; (2) 18 U.S.C. § 1700; (3) 18 U.S.C. § 1701; (4) 18 U.S.C. § 1702; (5) 18 U.S.C. § 1703; and (6) 18 U.S.C. § 1708. All of these statutes are federal criminal statutes, and can only provide a jurisdictional basis if they provide a private right of action.

"[T]he fact that a statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 440 U.S. 560, 568 (1979). Rather, like substantive federal law itself, a private right of action to enforce a federal law must be created by Congress. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). To that end, a criminal statute may provide an implied right of action if Congress intended to do so in enacting the statute. *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 407 (8th Cir. 1999). In order to determine whether a private right of action exists, a court must consider four factors:

6

> (1) whether the plaintiff is a member of the class for whose benefit the statute was enacted; (2) whether Congress intended, explicitly or implicitly, to create such a remedy; (3) whether a private remedy is consistent with the underlying legislative scheme; and (4) whether a private right based on a federal statute would interfere with an area relegated to state law.

*Id*. at 408-09 (citing *Cort v. Ash*, 422 U.S. 66, 78 (1975)). The "ultimate issue" of this analysis is the intent of Congress, and "unless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." *Thompson v. Thompson*, 484 U.S. 174, 179 (1988).

The six statutes that plaintiff cites as the basis of this Court's federal question jurisdiction are all bare criminal statutes. Each statute provides for prosecution by the United States. None of them, by their terms or structure, provide for a private right of action. *See Carpenter v. Garland County Probation and Parole Staff*, 2008 WL 276352, at *4 (W.D. Ark. 2008) ("While it may violate criminal laws to obstruct the mail, *see e.g.*, 18 U.S.C. § 1701…the criminal statutes create no private right of action"); *Grover-Tsimi v. Millpond Partners*, 2010 WL 4979092, at *4 n.6 (D. Minn. 2010) (noting that 18 U.S.C. § 1702 "is a criminal prohibition against mail tampering that does not expressly also provide for a civil cause of action to a private party aggrieved by any such violation"); *Horde v. Elliot*, 2018 WL 987683, at *17 (D. Minn. 2018) (noting that neither 18 U.S.C. § 1703 or 1705 "provide private causes of action"); and *Hussein v. Sessions*, 2017 WL 8947249, at *7 (D. Minn. 2017) (finding "that there is no private cause of action under 18 U.S.C. § 1708"). Because none of these criminal statutes provide a private right of action, they cannot be used as a jurisdictional basis for plaintiff's claims against the USPS and HPH Milano.

**D. Federal Tort Claims Act Claim Against the USPS**

Though not specifically asserted as a jurisdictional basis, it appears that plaintiff is attempting to bring a claim against the USPS under the Federal Tort Claims Act (FTCA). In a FTCA claim against the USPS, the proper party defendant is actually the United States. *See* 28 U.S.C. § 2679(a). *See also Pruitt v. U.S. Postal Service*, 817 F. Supp. 807, 808 (E.D. Mo. 1993) (noting that in a tort claim against the USPS, the United States was the proper defendant).

Generally, "sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020). *See also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). "Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). That is, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Thus, in order to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership*, 235 F.3d at 1112.

"Because the Postal Service is an independent establishment of the executive branch of the Government of the United States, with significant governmental powers, it enjoys federal sovereign immunity absent a waiver." *Najbar v. United States*, 649 F.3d 868, 870 (8th Cir. 2011). Such a waiver is provided by the FTCA, "which applies to tort claims arising out of activities of the Postal Service." *Id*.

The FTCA "waives federal sovereign immunity for injuries caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable." *Newcombe v. United States*, 933 F.3d 915, 917 (8th Cir. 2019). In other words, the FTCA

8

acts as a limited waiver of sovereign immunity, which opens the door to state-law liability claims against the federal government for harm caused by a governmental employee. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019).

This waiver is limited by an exception that provides for the maintenance of sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *See* 28 U.S.C. § 2680(b). *See also Najbar*, 649 F.3d at 870 (explaining that the "postal-matter exception" preserves the government's immunity "for any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter"). Consequently, "the United States may be liable if postal employees commit torts under local law, but not for claims defined by this exception." *Dolan v. U.S. Postal Service*, 546 U.S. 481, 485 (2006).

More specifically, sovereign immunity has been retained for injuries arising "because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Id*. at 489. For example, the Supreme Court has explained that the exception would operate in a suit for "personal or financial harms arising from nondelivery or late delivery of sensitive materials or information (e.g., medicines or a mortgage foreclosure notice) or from negligent handling of a mailed parcel (e.g., shattering of shipped china)." *Id*. at 490. *See also Najbar*, 649 F.3d at 871 ("Claims for injuries stemming from certain consequences (i.e., from mail either failing to arrive at all or arriving late, in damaged condition, or at the wrong address…) are barred, while claims for other injuries are not").

In this case, plaintiff alleges that he "purchased a [P.O.] box to mitigate the loss of mail," but still had mail "delayed, stolen, returned to sender or unaccounted." While the FTCA provides a limited waiver of sovereign immunity for tort claims against the United States, there is an exception to the waiver regarding postal matter. Specifically, the United States has not waived its

immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *See* 28 U.S.C. § 2680(b). Thus, to the extent plaintiff is accusing the USPS of failing to deliver his mail, or delivering his mail in an untimely fashion, the United States maintains its sovereign immunity, and the Court has no jurisdiction to hear the claim.

Beyond the loss or delay of his mail, plaintiff appears to accuse an unidentified "postal supervisor" of threatening him "with violence." The FTCA's waiver of sovereign immunity, however, does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). *See also Raz v. United States*, 343 F.3d 945, 948 (8th Cir. 2003) (agreeing with district court that plaintiff could not proceed on slander claim under the FTCA as it fell within the intentional torts exception to the FTCA's waiver of sovereign immunity). Thus, to the extent that plaintiff is accusing the USPS of an intentional tort, the United States maintains its sovereign immunity, and the Court has no jurisdiction to hear the claim.

### E. Claim Against HPH Milano

Plaintiff has named HPH Milano as a defendant, accusing it of allowing his "mail to be left unsecured…by not properly providing a secured mailbox at [the] apartment building they owned." It is clear from the allegations that HPH Milano is a private limited liability company, and not a federal agency. As such, the FTCA does not provide basis for a suit against HPH Milano.  In addition, as noted above, the six federal criminal statutes that plaintiff proposes as a jurisdictional basis provides no private right of action. The Court notes that 42 U.S.C. § 1983 can potentially support federal question jurisdiction. *See Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (noting that a claim brought pursuant to 42 U.S.C. § 1983 "arises

under federal law and will support federal-question jurisdiction pursuant to § 1331"). However, there is no indication that HPH Milano is a state actor or acting under color of state law. Thus, there is no support for the assertion of federal question jurisdiction against HPH Milano.

### F. Order to Show Cause

Plaintiff has alleged that due to the actions of defendants, his mail has been lost, delayed, stolen, and destroyed. As discussed above, he asserts that the Court has federal question jurisdiction, but the statutes he has proffered are criminal statutes only, with no private right of action. Furthermore, to the extent that he is suing the USPS under the FTCA for loss or delayed mail, this claim falls within an exception to the FTCA's limited waiver of sovereign immunity. To the extent that plaintiff is alleging an intentional tort committed by a postal supervisor, this claim is also within an exception to the FTCA's limited waiver of sovereign immunity. As sovereign immunity is jurisdictional, the Court lacks jurisdiction for plaintiff's claim against the USPS. With regard to HPH Milano, it is a private company, not a federal agency or state entity, and plaintiff has failed to establish that his claim against it arises under the constitution, laws, or treaties of the United States.

For all these reasons, plaintiff has failed to carry his burden of demonstrating the existence of subject matter jurisdiction in this case. Therefore, he will be ordered to show cause in writing as to why this action should not be dismissed. Plaintiff will be given thirty days in which to comply. Failure to comply within that time will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall show cause in writing and within **thirty (30) days** of the date of this order as to why this case should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that if plaintiff fails to show cause in writing and within **thirty (30) days** of the date of this order as to why this case should not be dismissed for lack of subject matter jurisdiction, this action will be dismissed without prejudice and without further notice.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of July, 2022