# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| TYRRELL JONES EILAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00538-PLC |
| | ) | |
| UNITED STATES POSTAL SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On July 19, 2022, the Court ordered plaintiff Tyrrell Jones Eiland to show cause as to why his case should not be dismissed for lack of subject matter jurisdiction. He was given thirty days in which to respond. More than thirty days have elapsed, and plaintiff has not submitted a show cause response. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## Background

Plaintiff is a self-represented litigant who brought a civil action against the United States Postal Service (USPS) and HPH Milano, LLC on May 16, 2022. (Docket No. 1 at 2). He asserted that the Court had federal question jurisdiction based on the following six federal statutes: (1) 18

U.S.C. § 1694;[1] (2) 18 U.S.C. § 1700;[2] (3) 18 U.S.C. § 1701;[3] (4) 18 U.S.C. § 1702;[4] (5) 18 U.S.C. § 1703;[5] and (6) 18 U.S.C. § 1708.[6] (Docket No. 1 at 3).

In the "Statement of Claim," plaintiff asserted that between March 2021 and August 2021, HPH Milano "allowed [his] mail to be left unsecured, stolen, [and] destroyed," and that they "contributed to [his] identity fraud by not properly providing a secured mailbox at [the] apartment building they owned." (Docket No. 1 at 4). More particularly, he alleged that HPH Milano gave him "a mailbox with no secure latch and disregarded the USPS Inspector's order to replace [the] entire mailbox system for [the] building or face fines and [a] mail hold." Plaintiff argued that due to this unsecured mailbox, "[c]redit cards, business checks, contracts, and other sensitive materials were stolen and damage was caused."

To mitigate the loss, plaintiff "purchased a [P.O.] box." Nevertheless, he broadly claimed that "mail from [the] USPS…was delayed, stolen, returned to sender[,] or unaccounted." He also contended that a "USPS postal supervisor threatened [him] with violence," and that he was threatened with his "mail being destroyed," which he insists "did occur."

Attached to the complaint were three exhibits. (Docket No. 1-1). First, there was a July 28, 2021 letter from the USPS to plaintiff, advising him that his administrative tort claim had been assigned to an examiner. (Docket No. 1-1 at 5). Second, there was an October 1, 2021 letter from

---

[1] 18 U.S.C. § 1694 provides for the levying of a fine for carrying "matter out of mail over post routes." This statute is part of the Private Express Statute, which is meant to "establish the United States Postal Service as a monopoly by prohibiting others from carrying letters over postal routes." *Regents of University of California v. Public Employment Relations Bd.*, 485 U.S. 589, 593 (1988).

[2] 18 U.S.C. § 1700 is a criminal statute providing a fine or imprisonment for a person who, "having taken charge of any mail, voluntarily quits or deserts the same before he has delivered it."

[3] 18 U.S.C. § 1701 is a criminal statute providing a fine or imprisonment for anyone who "knowingly and willfully obstructs or retards the passage of the mail."

[4] 18 U.S.C. § 1702 is a criminal statute providing a fine or imprisonment for anyone who "takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier."

[5] 18 U.S.C. § 1703 is a criminal statute providing a fine or imprisonment for any "Postal Service officer or employee" who delays or destroys the mail or any newspaper.

[6] 18 U.S.C. § 1708 is a criminal statute providing a fine or imprisonment for the theft or receipt of stolen mail.

the USPS to plaintiff reminding him that his post office box renewal fee was due. (Docket No. 1-1 at 4). Third, there was a February 23, 2022 letter from the USPS to plaintiff denying his administrative tort claim. (Docket No. 1-1 at 2). The Court treated these exhibits as part of the pleadings.[7]

Based on these assertions, plaintiff sought "$500,000 in actual and punitive money damages from USPS and HPH Milano[,] LLC." (Docket No. 1 at 5).

Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). The Court granted the motion on July 19, 2022. (Docket No. 4). Because plaintiff was proceeding in forma pauperis, the Court also reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that plaintiff had not adequately alleged the existence of federal question jurisdiction. In particular, the Court noted that plaintiff's asserted bases for jurisdiction were all criminal statutes, which did not provide for a private right of action. The Court also explained that any potential claim against the USPS pursuant to the Federal Tort Claims Act appeared to fit within an exception to the act's waiver of sovereign immunity.

The Court ordered plaintiff to show cause in writing and within thirty days as to why his case should not be dismissed for lack of subject matter jurisdiction. He was advised that his failure to comply would result in the dismissal of this action without prejudice and without further notice. More than thirty days have elapsed, and plaintiff has not responded.

---

[7] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

### Discussion

Plaintiff is a self-represented litigant who brings this civil action against the USPS and HPH Milano, accusing them of allowing his mail to be delayed, lost, stolen, or destroyed. On July 19, 2022, he was ordered to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff has not responded. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice for lack of subject matter jurisdiction.

#### A. Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking

if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

### B. Federal Question Jurisdiction

In this case, plaintiff has asserted that the Court has federal question jurisdiction. Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). *See also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a] non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question

jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

## C. Plaintiff's Proposed Bases for Federal Question Jurisdiction

As noted above – and in the Court's prior order – plaintiff asserts that this Court has federal question jurisdiction on the basis of six federal statutes: (1) 18 U.S.C. § 1694; (2) 18 U.S.C. § 1700; (3) 18 U.S.C. § 1701; (4) 18 U.S.C. § 1702; (5) 18 U.S.C. § 1703; and (6) 18 U.S.C. § 1708. All of these statutes are federal criminal statutes, and can only provide a jurisdictional basis if they provide a private right of action.

"[T]he fact that a statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 440 U.S. 560, 568 (1979). Rather, like substantive federal law itself, a private right of action to enforce a federal law must be created by Congress. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). To that end, a criminal statute may provide an implied right of action if Congress intended to do so in enacting the statute. *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 407 (8th Cir. 1999). In order to determine whether a private right of action exists, a court must consider four factors:

> (1) whether the plaintiff is a member of the class for whose benefit the statute was enacted; (2) whether Congress intended, explicitly or implicitly, to create such a remedy; (3) whether a private remedy is consistent with the underlying legislative scheme; and (4) whether a private right based on a federal statute would interfere with an area relegated to state law.

*Id.* at 408-09 (citing *Cort v. Ash*, 422 U.S. 66, 78 (1975)). The "ultimate issue" of this analysis is the intent of Congress, and "unless this congressional intent can be inferred from the language of

6

the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." *Thompson v. Thompson*, 484 U.S. 174, 179 (1988).

The six statutes that plaintiff cites as the basis of this Court's federal question jurisdiction are all bare criminal statutes. All of them provide for prosecution by the United States. None of them, by their terms or structure, provide for a private right of action. *See Carpenter v. Garland County Probation and Parole Staff*, 2008 WL 276352, at *4 (W.D. Ark. 2008) ("While it may violate criminal laws to obstruct the mail, *see e.g.*, 18 U.S.C. § 1701…the criminal statutes create no private right of action"); *Grover-Tsimi v. Millpond Partners*, 2010 WL 4979092, at *4 n.6 (D. Minn. 2010) (noting that 18 U.S.C. § 1702 "is a criminal prohibition against mail tampering that does not expressly also provide for a civil cause of action to a private party aggrieved by any such violation"); *Horde v. Elliot*, 2018 WL 987683, at *17 (D. Minn. 2018) (noting that neither 18 U.S.C. § 1703 or 1705 "provide private causes of action"); and *Hussein v. Sessions*, 2017 WL 8947249, at *7 (D. Minn. 2017) (finding "that there is no private cause of action under 18 U.S.C. § 1708"). Because none of these criminal statutes provide a private right of action, they cannot be used as a jurisdictional basis for plaintiff's claims against the USPS and HPH Milano.

## D. Federal Tort Claims Act Claim Against USPS

Though not specifically asserted as a jurisdictional basis, it appears that plaintiff is attempting to bring a claim against the USPS under the Federal Tort Claims Act (FTCA). Indeed, in an exhibit attached to his complaint, there is a letter from the USPS indicating that plaintiff initiated a claim under the FTCA's provisions. (Docket No. 1-1 at 2).

In a FTCA claim against the USPS, the proper party defendant is actually the United States. *See* 28 U.S.C. § 2679(a). *See also Pruitt v. U.S. Postal Service*, 817 F. Supp. 807, 808 (E.D. Mo. 1993) (noting that in a tort claim against the USPS, the United States was the proper defendant).

7

Generally, "sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020). *See also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). "Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). That is, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Thus, in order to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership*, 235 F.3d at 1112.

"Because the Postal Service is an independent establishment of the executive branch of the Government of the United States, with significant governmental powers, it enjoys federal sovereign immunity absent a waiver." *Najbar v. United States*, 649 F.3d 868, 870 (8th Cir. 2011). Such a waiver is provided by the FTCA, "which applies to tort claims arising out of activities of the Postal Service." *Id.*

The FTCA "waives federal sovereign immunity for injuries caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable." *Newcombe v. United States*, 933 F.3d 915, 917 (8th Cir. 2019). In other words, the FTCA acts as a limited waiver of sovereign immunity, which opens the door to state-law liability claims against the federal government for harm caused by a governmental employee. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019).

This waiver is limited by an exception that provides for the maintenance of sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters

or postal matter." *See* 28 U.S.C. § 2680(b). *See also Najbar*, 649 F.3d at 870 (explaining that the "postal-matter exception" preserves the government's immunity "for any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter"). Consequently, "the United States may be liable if postal employees commit torts under local law, but not for claims defined by this exception." *Dolan v. U.S. Postal Service*, 546 U.S. 481, 485 (2006).

More specifically, sovereign immunity has been retained for injuries arising "because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Id.* at 489. For example, the Supreme Court has explained that the exception would operate in a suit for "personal or financial harms arising from nondelivery or late delivery of sensitive materials or information (e.g., medicines or a mortgage foreclosure notice) or from negligent handling of a mailed parcel (e.g., shattering of shipped china)." *Id.* at 490. *See also Najbar*, 649 F.3d at 871 ("Claims for injuries stemming from certain consequences (i.e., from mail either failing to arrive at all or arriving late, in damaged condition, or at the wrong address...) are barred, while claims for other injuries are not").

In this case, plaintiff alleges that he "purchased a [P.O.] box to mitigate the loss of mail," but still had mail "delayed, stolen, returned to sender or unaccounted." While the FTCA provides a limited waiver of sovereign immunity for tort claims against the United States, there is an exception to the waiver regarding postal matter. Specifically, the United States has not waived its immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *See* 28 U.S.C. § 2680(b). Thus, to the extent plaintiff is accusing the USPS of failing to deliver his mail, or delivering his mail in an untimely fashion, the United States maintains its sovereign immunity, and the Court has no jurisdiction to hear the claim. *See Mekasha v. United States Postal Service*, 2020 WL 6146467, at *1-2 (D. Neb. 2020) (dismissing plaintiff's claim that

postal service failed to complete his delivery for lack of subject matter jurisdiction pursuant to

Fed. R. Civ. P. 12(b)(1), explaining that sovereign immunity barred suit, and that FTCA's limited

waiver did not apply to the claim); *Pundmann v. United States Postal Service*, 2017 WL 5171056

(E.D. Mo. 2017) (dismissing plaintiff's claim that package failed to arrive when expected for lack

of subject matter jurisdiction, because postal service had not waived its sovereign immunity); and

*Richter v. U.S. Postal Service*, 2012 WL 2295372, at *2 (D. Neb. 2012) (explaining that the United

States was immune from suit for the failure to deliver postal matter, and dismissing case for lack

of subject matter jurisdiction).

Beyond the loss or delay of his mail, plaintiff appears to accuse an unidentified "postal

supervisor" of threatening him "with violence." The FTCA's waiver of sovereign immunity,

however, does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false

arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or

interference with contract rights." 28 U.S.C. § 2680(h). *See also Raz v. United States*, 343 F.3d

945, 948 (8th Cir. 2003) (agreeing with district court that plaintiff could not proceed on slander

claim under the FTCA as it fell within the intentional torts exception to the FTCA's waiver of

sovereign immunity). Thus, to the extent that plaintiff is accusing the USPS of an intentional tort,

the United States maintains its sovereign immunity, and the Court has no jurisdiction to hear the

claim.

### E. Claim Against HPH Milano

Plaintiff has also named HPH Milano as a defendant, accusing it of allowing his "mail to

be left unsecured…by not properly providing a secured mailbox at [the] apartment building they

owned." It is clear from the allegations that HPH Milano is a private limited liability company,

and not part of the federal government. As such, the FTCA does not provide a federal statute under

10

which HPH Milano can be sued in this Court. In addition, as noted above, the six federal criminal statutes that plaintiff proposes as a jurisdictional basis provides no private right of action. The Court notes that 42 U.S.C. § 1983 can potentially support federal question jurisdiction. *See Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (noting that a claim brought pursuant to 42 U.S.C. § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to § 1331"). However, there is no indication that HPH Milano is a state actor or acting under color of state law. Thus, there is no support for the assertion of federal question jurisdiction against HPH Milano.

The Court also notes that diversity jurisdiction is not apparent on the face of the complaint. "Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). With regard to diversity of the parties, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Diversity jurisdiction requires that the parties be citizens of different states, not merely residents. *Sanders*, 823 F.2d at 216. For purposes of diversity, state citizenship "requires an individual's physical presence in the state coupled with an indefinite intention there to remain." *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Here, plaintiff has alleged that he lives in New York City, New York, while HPH Milano is located in Pomona, New York. Thus, it appears from the complaint that both plaintiff and HPH Milano are citizens of the same state, and that diversity is not present.

11

For all these reasons, plaintiff has not established that the Court has subject matter jurisdiction over his claim against HPH Milano.

**F. Order of Dismissal**

Subject matter jurisdiction is a threshold requirement in every federal case. As such, the issue of jurisdiction can be raised at any time, by any party or the Court. Plaintiff has the burden of proving the existence of subject matter jurisdiction, which he has not done.

First, plaintiff's expressly-stated jurisdictional bases are all federal criminal statutes, none of which give him a private right of action to file a civil suit.

Second, even liberally construing the complaint as an attempt to bring a FTCA claim against the USPS, the Court still does not have jurisdiction. That is because there is an exception to the FTCA's waiver of sovereign immunity for any claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." In this case, the main thrust of plaintiff's complaint is that the USPS is responsible for lost, miscarried, or negligently transmitted postal matter, claims falling squarely within the exception.

Third, plaintiff has not asserted any basis for federal question jurisdiction against HPH Milano. Moreover, because plaintiff and HPH Milano both appear to be New York citizens, diversity jurisdiction is not available.

Plaintiff was given the opportunity to respond to the Court's determination regarding subject matter jurisdiction, and to either object to the Court's conclusions, or propose alternative jurisdictional bases. He was warned that a dismissal would result from his failure to comply. Nevertheless, plaintiff's deadline has passed, and he has not filed any response.

For all these reasons, the Court must dismiss this action without prejudice for lack of subject matter jurisdiction.

12

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this **31st** day of *August*, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE