UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TYRRELL JONES EILAND,            )
                                 )
          Plaintiff,             )
                                 )
v.                               )      No. 4:22-cv-00538-PLC
                                 )
UNITED STATES POSTAL SERVICE, et al., )
                                 )
          Defendants.            )

## MEMORANDUM AND ORDER

This matter comes before the Court on a document submitted by plaintiff Tyrrell Jones Eiland that has been construed as a motion for reconsideration of the Court's August 31, 2022 order of dismissal. (Docket No. 7). For the reasons discussed below, the motion will be denied.

### Background

Plaintiff is a self-represented litigant who brought a civil action against the United States Postal Service (USPS) and HPH Milano, LLC on May 16, 2022. (Docket No. 1 at 2). He asserted that the Court had federal question jurisdiction based on the following six federal statutes: (1) 18 U.S.C. § 1694;[1] (2) 18 U.S.C. § 1700;[2] (3) 18 U.S.C. § 1701;[3] (4) 18 U.S.C. § 1702;[4] (5) 18 U.S.C. § 1703;[5] and (6) 18 U.S.C. § 1708.[6] (Docket No. 1 at 3).

---

[1] 18 U.S.C. § 1694 provides for the levying of a fine for carrying "matter out of mail over post routes." This statute is part of the Private Express Statute, which is meant to "establish the United States Postal Service as a monopoly by prohibiting others from carrying letters over postal routes." *Regents of University of California v. Public Employment Relations Bd.*, 485 U.S. 589, 593 (1988).
[2] 18 U.S.C. § 1700 is a criminal statute providing a fine or imprisonment for a person who, "having taken charge of any mail, voluntarily quits or deserts the same before he has delivered it."
[3] 18 U.S.C. § 1701 is a criminal statute providing a fine or imprisonment for anyone who "knowingly and willfully obstructs or retards the passage of the mail."
[4] 18 U.S.C. § 1702 is a criminal statute providing a fine or imprisonment for anyone who "takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier."
[5] 18 U.S.C. § 1703 is a criminal statute providing a fine or imprisonment for any "Postal Service officer or employee" who delays or destroys the mail or any newspaper.
[6] 18 U.S.C. § 1708 is a criminal statute providing a fine or imprisonment for the theft or receipt of stolen mail.

In the "Statement of Claim," plaintiff asserted that between March 2021 and August 2021, HPH Milano "allowed [his] mail to be left unsecured, stolen, [and] destroyed," and that they "contributed to [his] identity fraud by not properly providing a secured mailbox at [the] apartment building they owned." (Docket No. 1 at 4). More particularly, he alleged that HPH Milano gave him "a mailbox with no secure latch and disregarded the USPS Inspector's order to replace [the] entire mailbox system for [the] building or face fines and [a] mail hold." Plaintiff argued that due to this unsecured mailbox, "[c]redit cards, business checks, contracts, and other sensitive materials were stolen and damage was caused."

To mitigate the loss, plaintiff "purchased a [P.O.] box." Nevertheless, he broadly claimed that "mail from [the] USPS…was delayed, stolen, returned to sender[,] or unaccounted." He also contended that a "USPS postal supervisor threatened [him] with violence," and that he was threatened with his "mail being destroyed," which he insists "did occur."

Attached to the complaint were three exhibits. (Docket No. 1-1). First, there was a July 28, 2021 letter from the USPS to plaintiff, advising him that his administrative tort claim had been assigned to an examiner. (Docket No. 1-1 at 5). Second, there was an October 1, 2021 letter from the USPS to plaintiff reminding him that his post office box renewal fee was due. (Docket No. 1-1 at 4). Third, there was a February 23, 2022 letter from the USPS to plaintiff denying his administrative tort claim. (Docket No. 1-1 at 2). The Court treated these exhibits as part of the pleadings.[7]

---

[7] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

2

Based on these assertions, plaintiff sought "$500,000 in actual and punitive money damages from USPS and HPH Milano[,] LLC." (Docket No. 1 at 5).

Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). The Court granted the motion on July 19, 2022. (Docket No. 4). Because plaintiff was proceeding in forma pauperis, the Court also reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that plaintiff had not adequately alleged the existence of federal question jurisdiction. In particular, the Court noted that plaintiff's asserted bases for jurisdiction were all criminal statutes, which did not provide for a private right of action. The Court also explained that any potential claim against the USPS pursuant to the Federal Tort Claims Act appeared to fit within an exception to the act's waiver of sovereign immunity.

The Court ordered plaintiff to show cause in writing and within thirty days as to why his case should not be dismissed for lack of subject matter jurisdiction. He was advised that his failure to comply would result in the dismissal of this action without prejudice and without further notice. When more than thirty days elapsed without a response, the Court dismissed this action for lack of subject matter jurisdiction on August 31, 2022. (Docket No. 6).

On September 7, 2022, plaintiff filed a document titled "Response to Judicial Memorandum and Order," which has been construed as a motion to reconsider the Court's dismissal. (Docket No. 7).

**The Motion**

In his motion, plaintiff states that he "filed all preliminary complaints and communications directly with the" USPS, but that it "made little to no effort to remedy any issues and conflicts and directed plaintiff to escalate the matter to protect his rights under the law." (Docket No. 7 at 1). He "filed form 50a as required before any legal action can be brought against the United States

3

Government and its agencies or departments[,] and waited the allotted time before any legal action was initiated as set by federal statute." Plaintiff states that the USPS "directed [him] to seek legal remedy…in the jurisdiction [where] the legal office of the USPS is located." (Docket No. 7 at 2). He asserts that the USPS "is not immune to civil action and [that] this case should be allowed to proceed without prejudice" because "the USPS gave permission for plaintiff to seek legal remedy if the resolution presented was not satisfactory."

Plaintiff alleges that the "USPS continues to exhibit the same behavior as asserted in the initial claim and believes [it is] above the law." According to plaintiff, the "USPS was responsible for all mail, letters, and packages under its care[,] especially in a secure post office box[,] and should be held liable for theft, loss, or damage that grossly affects the box holder." He believes that if the "USPS is not held responsible, its agents will continue to show disregard for packages, letters, and materials sent through the postal system because there is no consequence to their bad behavior."

Due to "the behavior of the USPS and HPH Milano, plaintiff claims to have suffered major financial losses, sanctions from the Internal Revenue Service, and U.S. Social Security Administration, and collateral damage to his life, credit, and savings." As such, plaintiff contends that the "Court was premature in pausing this claim or questioning the validity of plaintiff's permission to file this lawsuit against an independent agency of the U.S. government." He states that "[n]o one should be immune from civil litigation where there has been alleged misbehavior or misconduct," and that "the USPS is not above the law." Therefore, he concludes that "this Court enjoys jurisdiction over this matter and should allow this claim to proceed."

With regard to HPH Milano, plaintiff states that he "agrees with this Court that [the] federal statutes listed in the initial claim were criminal and not civil[,] and that [this] was an unintended

4

error." (Docket No. 7 at 3). He acknowledges that "HPH Milano is a private limited liability company and is not an agent of the USPS." However, plaintiff suggests that "there are perimeters that hold HPH Milano accountable for mishandling or improper transmission of mail."

By way of further explanation, plaintiff asserts that HPH Milano was "sanctioned by the postal inspector for not complying with the requirements to have secure mailboxes…and for not taking precaution[s] to ensure" that the mail of its residents was "free from tampering, damage, theft, or loss." Because the postal inspector serves as part of the USPS, plaintiff concludes that "HPH Milano is not immune to civil action under federal law and should remain party to this federal claim." In addition, he states that because the mail crosses state lines, and because HPH Milano is charged "with keeping mail secure and safe for its residents, they are subject to any and all federal statutes that govern proper mail handling[,] and are liable for theft, loss, and damage that arise from the negligence[,] whether willful or without malicious intent."

## Discussion

Plaintiff is a self-represented litigant who filed a civil action against the USPS and HPH Milano, accusing them of allowing his mail to be delayed, lost, stolen, or destroyed. On July 19, 2022, he was ordered to show cause within thirty days as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff did not respond in a timely manner, and the case was dismissed without prejudice on August 31, 2022. He has now filed a document construed as a motion for reconsideration. For the reasons discussed below, the motion will be denied.

### A. Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution

5

and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

### B. Federal Question Jurisdiction

In this case, plaintiff has asserted that the Court has federal question jurisdiction. Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under

federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). *See also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a] non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

### C. Plaintiff's Proposed Bases for Federal Question Jurisdiction

Plaintiff initially asserted that this Court has federal question jurisdiction on the basis of six federal statutes: (1) 18 U.S.C. § 1694; (2) 18 U.S.C. § 1700; (3) 18 U.S.C. § 1701; (4) 18 U.S.C. § 1702; (5) 18 U.S.C. § 1703; and (6) 18 U.S.C. § 1708. All of these statutes are federal criminal statutes, and can only provide a jurisdictional basis if they provide a private right of action.

"[T]he fact that a statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 440

7

U.S. 560, 568 (1979). Rather, like substantive federal law itself, a private right of action to enforce a federal law must be created by Congress. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). To that end, a criminal statute may provide an implied right of action if Congress intended to do so in enacting the statute. *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 407 (8th Cir. 1999). In order to determine whether a private right of action exists, a court must consider four factors:

> (1) whether the plaintiff is a member of the class for whose benefit the statute was enacted; (2) whether Congress intended, explicitly or implicitly, to create such a remedy; (3) whether a private remedy is consistent with the underlying legislative scheme; and (4) whether a private right based on a federal statute would interfere with an area relegated to state law.

*Id*. at 408-09 (citing *Cort v. Ash*, 422 U.S. 66, 78 (1975)). The "ultimate issue" of this analysis is the intent of Congress, and "unless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." *Thompson v. Thompson*, 484 U.S. 174, 179 (1988).

The six statutes that plaintiff cites as the basis of this Court's federal question jurisdiction are all bare criminal statutes. All of them provide for prosecution by the United States. None of them, by their terms or structure, provide for a private right of action. *See Carpenter v. Garland County Probation and Parole Staff*, 2008 WL 276352, at *4 (W.D. Ark. 2008) ("While it may violate criminal laws to obstruct the mail, *see e.g.*, 18 U.S.C. § 1701…the criminal statutes create no private right of action"); *Grover-Tsimi v. Millpond Partners*, 2010 WL 4979092, at *4 n.6 (D. Minn. 2010) (noting that 18 U.S.C. § 1702 "is a criminal prohibition against mail tampering that does not expressly also provide for a civil cause of action to a private party aggrieved by any such violation"); *Horde v. Elliot*, 2018 WL 987683, at *17 (D. Minn. 2018) (noting that neither 18 U.S.C. § 1703 or 1705 "provide private causes of action"); and *Hussein v. Sessions*, 2017 WL

8

8947249, at *7 (D. Minn. 2017) (finding "that there is no private cause of action under 18 U.S.C. § 1708").

Because none of these criminal statutes provide a private right of action, they cannot be used as a jurisdictional basis for plaintiff's claims against the USPS and HPH Milano. Plaintiff does not dispute this in his motion for reconsideration. To the contrary, he states that his listing of federal criminal statutes "was an unintended error." In any event, these statutes do not give the Court jurisdiction over this action, requiring plaintiff to provide some other basis for this matter to proceed.

### D. Federal Tort Claims Act Claim Against USPS

In his original complaint, plaintiff did not specifically assert the Federal Tort Claims Act (FTCA) as a jurisdictional basis. Nonetheless, the Court noted that it appeared that he was relying on the FTCA, even if he did not come out and say it. In particular, plaintiff had attached an exhibit to his complaint consisting of a letter from the USPS indicating that he had initiated a claim under the FTCA's provisions. (Docket No. 1-1 at 2). In his motion for reconsideration, plaintiff again fails to specify that he is suing under the FTCA, but again indicates that he filed a claim with the USPS pursuant to the FTCA's provisions, and that he received notice of his right to sue. As such, plaintiff clearly seems to be attempting to sue the USPS under the FTCA.

In a FTCA claim against the USPS, the proper party defendant is actually the United States. *See* 28 U.S.C. § 2679(a). *See also Pruitt v. U.S. Postal Service*, 817 F. Supp. 807, 808 (E.D. Mo. 1993) (noting that in a tort claim against the USPS, the United States was the proper defendant). Generally, "sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020). *See also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that

the United States may not be sued without its consent"). "Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). That is, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Thus, in order to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership*, 235 F.3d at 1112.

"Because the Postal Service is an independent establishment of the executive branch of the Government of the United States, with significant governmental powers, it enjoys federal sovereign immunity absent a waiver." *Najbar v. United States*, 649 F.3d 868, 870 (8th Cir. 2011). Such a waiver is provided by the FTCA, "which applies to tort claims arising out of activities of the Postal Service." *Id*.

The FTCA "waives federal sovereign immunity for injuries caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable." *Newcombe v. United States*, 933 F.3d 915, 917 (8th Cir. 2019). In other words, the FTCA acts as a limited waiver of sovereign immunity, which opens the door to state-law liability claims against the federal government for harm caused by a governmental employee. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019).

This waiver is limited by an exception that provides for the maintenance of sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *See* 28 U.S.C. § 2680(b). *See also Najbar*, 649 F.3d at 870 (explaining that the "postal-matter exception" preserves the government's immunity "for any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter"). Consequently, "the United

States may be liable if postal employees commit torts under local law, but not for claims defined by this exception." *Dolan v. U.S. Postal Service*, 546 U.S. 481, 485 (2006).

More specifically, sovereign immunity has been retained for injuries arising "because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Id.* at 489. For example, the Supreme Court has explained that the exception would operate in a suit for "personal or financial harms arising from nondelivery or late delivery of sensitive materials or information (e.g., medicines or a mortgage foreclosure notice) or from negligent handling of a mailed parcel (e.g., shattering of shipped china)." *Id.* at 490. *See also Najbar*, 649 F.3d at 871 ("Claims for injuries stemming from certain consequences (i.e., from mail either failing to arrive at all or arriving late, in damaged condition, or at the wrong address…) are barred, while claims for other injuries are not").

In this case, plaintiff alleges that he "purchased a [P.O.] box to mitigate the loss of mail," but still had mail "delayed, stolen, returned to sender or unaccounted." While the FTCA provides a limited waiver of sovereign immunity for tort claims against the United States, there is an exception to the waiver regarding postal matter. Specifically, the United States has not waived its immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *See* 28 U.S.C. § 2680(b). Thus, to the extent plaintiff is accusing the USPS of failing to deliver his mail, of being negligent in delivering his mail, or delivering his mail in an untimely fashion, the United States maintains its sovereign immunity, and the Court has no jurisdiction to hear the claim. *See Mekasha v. United States Postal Service*, 2020 WL 6146467, at *1-2 (D. Neb. 2020) (dismissing plaintiff's claim that postal service failed to complete his delivery for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), explaining that sovereign immunity barred suit, and that FTCA's limited waiver did not apply to the claim); *Pundmann v.*

11

*United States Postal Service*, 2017 WL 5171056 (E.D. Mo. 2017) (dismissing plaintiff's claim that package failed to arrive when expected for lack of subject matter jurisdiction, because postal service had not waived its sovereign immunity); and *Richter v. U.S. Postal Service*, 2012 WL 2295372, at *2 (D. Neb. 2012) (explaining that the United States was immune from suit for the failure to deliver postal matter, and dismissing case for lack of subject matter jurisdiction).

Beyond the loss or delay of his mail, plaintiff appears to accuse an unidentified "postal supervisor" of threatening him "with violence." The FTCA's waiver of sovereign immunity, however, does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). *See also Raz v. United States*, 343 F.3d 945, 948 (8th Cir. 2003) (agreeing with district court that plaintiff could not proceed on slander claim under the FTCA as it fell within the intentional torts exception to the FTCA's waiver of sovereign immunity). Thus, to the extent that plaintiff is accusing the USPS of an intentional tort, the United States maintains its sovereign immunity, and the Court has no jurisdiction to hear the claim.

Nothing in the motion for reconsideration addresses the exception to the FTCA's waiver of sovereign immunity. As noted above, the FTCA waives sovereign immunity "for injuries caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable." However, plaintiff's motion for reconsideration does not establish a situation in which the United States would be liable if it were a private person. Instead, plaintiff reasserts that his claims arise "out of the loss, miscarriage, or negligent transmission of letters or postal matter," which falls within an express exception to the waiver of sovereign immunity.

12

Instead of explaining why his claim should not be subject to the exception in 28 U.S.C. § 2680(b), plaintiff merely states that the USPS gave him permission to file suit, that the USPS should not be immune, and that the USPS must be held responsible for its bad behavior. This is not sufficient for the Court to reconsider its dismissal.

### E. Claim Against HPH Milano

Plaintiff has also named HPH Milano as a defendant, accusing it of allowing his "mail to be left unsecured…by not properly providing a secured mailbox at [the] apartment building they owned." Based on plaintiff's own statements, HPH Milano is a private limited liability company, and not part of the federal government. As such, the FTCA does not provide a federal statute under which HPH Milano can be sued in this Court. In addition, as noted above, the six federal criminal statutes that plaintiff proposes as a jurisdictional basis provides no private right of action. The Court notes that 42 U.S.C. § 1983 can potentially support federal question jurisdiction. *See Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (noting that a claim brought pursuant to 42 U.S.C. § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to § 1331"). However, there is no indication that HPH Milano is a state actor or acting under color of state law. Thus, there is no support for the assertion of federal question jurisdiction against HPH Milano.

The Court also notes that diversity jurisdiction is not apparent on the face of the complaint. "Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). With regard to diversity of the parties, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in

13

the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Diversity jurisdiction requires that the parties be citizens of different states, not merely residents. *Sanders*, 823 F.2d at 216. For purposes of diversity, state citizenship "requires an individual's physical presence in the state coupled with an indefinite intention there to remain." *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Here, plaintiff has alleged that he lives in New York City, New York, while HPH Milano is located in Pomona, New York. Thus, it appears from the complaint that both plaintiff and HPH Milano are citizens of the same state, and that diversity is not present.

There is nothing in the motion for reconsideration to disturb the Court's earlier jurisdictional determinations. Contrarily, plaintiff affirms that HPH Milano is a private company, and therefore not subject to the FTCA. In addition, and as discussed above, because HPH Milano is a private company, it cannot be sued under 42 U.S.C. § 1983. *See Convent Corp.*, 784 F.3d at 483 (noting that a claim brought pursuant to 42 U.S.C. § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to § 1331"); and *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

In his motion, plaintiff tries to link HPH Milano to the USPS. Rather than showing some kind of meeting of the minds, however, or that HPH Milano was working in conjunction with the USPS, plaintiff actually demonstrates just the opposite by asserting that HPH Milano did not comply with USPS rules. Thus, his suggestion that HPH Milano should somehow be treated as an arm of the federal government is unpersuasive.

Plaintiff also appears to restate his belief that HPH Milano can be sued in federal court for violation of federal criminal laws or regulations. As discussed at length above, none of the criminal

14

statutes listed provide a private right of action, and plaintiff points to no other violated statutes or regulations that allow him to seek civil liability.

**F. Denial of Motion for Reconsideration**

When it dismissed plaintiff's case, the Court noted that subject matter jurisdiction is a threshold requirement in every federal case. As such, the issue of jurisdiction can be raised at any time, by any party or the Court. Plaintiff has the burden of proving the existence of subject matter jurisdiction, which he has not done.

First, plaintiff's expressly-stated jurisdictional bases are all federal criminal statutes, none of which give him a private right of action to file a civil suit.

Second, even liberally construing the complaint as an attempt to bring a FTCA claim against the USPS, the Court still does not have jurisdiction. That is because there is an exception to the FTCA's waiver of sovereign immunity for any claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." In this case, the main thrust of plaintiff's complaint is that the USPS is responsible for lost, miscarried, or negligently transmitted postal matter, claims falling squarely within the exception.

Third, plaintiff has not asserted any basis for federal question jurisdiction against HPH Milano. Moreover, because plaintiff and HPH Milano both appear to be New York citizens, diversity jurisdiction is not available.

Based on the above, the Court dismissed this action for lack of jurisdiction.

Plaintiff has now filed a motion for reconsideration, seeking to have this case proceed. Nonetheless, he has failed to provide any jurisdictional basis on which to do so. With regard to the USPS, he broadly claims that he has "permission" to file this case, and that immunity should not apply. These contentions fail to address the issue raised by the Court, to wit: that there is a specific

exception to the FTCA's waiver of sovereign immunity for "the loss, miscarriage, or negligent transmission of letters or postal matter." As to HPH Milano – a private company – there is no federal question jurisdiction, as plaintiff's claim does not arise "under the Constitution, laws, or treaties of the United States," and because he has not shown "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." He also fails to demonstrate the presence of diversity jurisdiction under 28 U.S.C. § 1332.

For these reasons, the Court will decline to alter or amend its judgment. The Court concludes that plaintiff's motion fails to point to any manifest errors of law or fact, or any newly discovered evidence. Instead, the motion merely revisits and repeats the arguments raised in his initial filing, without addressing the Court's reasons for finding that it lacked subject matter jurisdiction. Therefore, plaintiff's motion for reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration (Docket No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal from the denial of this motion for reconsideration would not be taken in good faith.

Dated this 9th day of September, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE